**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**TYLER DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | § | |
| | § | |
| | § | **CASE NO. 6:26-CR-00091-JDK** |
| **vs.** | § | |
| | § | |
| | § | |
| **SHATOYA DEMITA DAVIS (1)** | § | |

**REPORT AND RECOMMENDATION**
**ON REVOCATION OF SUPERVISED RELEASE**

On September 3, 2026, the Court held a final revocation hearing on a Petition for Warrant or Summons for Offender under Supervision. The Government was represented by Assistant United States Attorney Dustin Farahnak. Defendant was represented by Assistant Federal Defender David Barlow.

***Background***

After pleading guilty to the offense of Transportation of an Illegal Alien, a Class D felony, Defendant Shatoya Demita Davis was sentenced on November 13, 2023, by United States District Judge Michael T. Liburdi, District of Arizona. The offense carried a statutory maximum imprisonment term of 5 years. The guideline imprisonment range, based on a total offense level of 10 and a criminal history category of III, was 10 to 16 months. Pursuant to a binding plea agreement, the Court sentenced Defendant to an imprisonment term of 6 months, a downward variance, followed by a 3-year term of supervised release subject to the standard conditions of release, plus special conditions to include search, financial disclosure, a prohibition on making major purchases, incurring new financial obligations, or entering into any financial contracts without permission from the probation officer, and a requirement to cooperate in the collection of DNA. Defendant completed her term of imprisonment and started her term of supervised release

on June 12, 2024. Jurisdiction was transferred to this district on August 12, 2026, and the case was assigned to United States District Judge Jeremy D. Kernodle.

***Allegations***

In the First Amended Petition seeking to revoke Defendant's supervised release, filed on August 28, 2026, United States Probation Officer Laura Palafox alleges that Defendant violated the following condition of supervised release:

1. **Allegation 1 (mandatory condition 1): The defendant must not commit another federal, state, or local crime.** It is alleged that Defendant committed the offenses of Theft of Property >= $2,500 < $30,000 and Forgery of a Financial Instrument >= $2,500 < $30,000 on October 29, 2025.

2. **Allegation 2 (mandatory condition 3): The defendant must refrain from any unlawful use of a controlled substance. The use or possession of marijuana, even with a physician's certification, is not permitted.** It is alleged that Defendant submitted a urine specimen on August 6, 2026, that tested positive for cocaine. Lab results confirmed the positive test.

3. **Allegation 3 (standard condition 5): The defendant must live at a place approved by the probation officer. If the defendant plans to change where she lives or anything about her living arrangements (such as the people she lives with), she must notify the probation officer at least 10 days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, she must notify the probation officer within 72 hours of becoming aware of a change or expected change.** It is alleged that Defendant resided in Dallas County, Texas, and failed to report this address to her probation officer.

4. **Allegation 4 (standard condition 8): The defendant must not communicate or interact with someone she knows is engaged in criminal activity. If the defendant knows someone has been convicted of a felony, she must not knowingly communicate or interact with that person without first getting the permission of the probation officer.** It is alleged that Defendant knowingly communicated with Altonya Reed and Angel Heard, who were both engaged in criminal activity.

***Applicable Law***

According to 18 U.S.C. § 3583(e)(3), the Court may revoke the term of supervised release and require a Defendant to serve in prison all or part of the term of supervised release without credit for the time previously served under supervision, if it finds by a preponderance of the

evidence that Defendant violated a term of supervised release. Supervised release shall be revoked upon a finding of a Grade A or B supervised release violation. U.S.S.G. § 7B1.3(a)(1). In the present case, Defendant's original offense of conviction was a Class D felony. Accordingly, the maximum imprisonment sentence that may be imposed is 2 years. 18 U.S.C. § 3583(e).

Under the Sentencing Guidelines, which are non-binding,[1] if the Court finds by a preponderance of the evidence that Defendant violated her conditions of supervised release by committing the offenses of Theft of Property or Forgery of a Financial Instrument, or possessing cocaine, as alleged in the petition, she is guilty of a Grade B violation. U.S.S.G. § 7B1.1(a). Defendant's original criminal history category was III. The guidelines provide that Defendant's guideline imprisonment range for a Grade B violation is 8 to 14 months. If the Court finds by a preponderance of the evidence that Defendant violated her conditions of supervised release by failing to report her address change, associating with persons engaged in criminal activity, or submitting a urine specimen that tested positive for cocaine, as alleged in the petition, she is guilty of a Grade C violation. U.S.S.G. § 7B1.1(a). With Defendant's original criminal history category of III, the guidelines provide that Defendant's guideline imprisonment range for a Grade C violation is 5 to 11 months. The grade of the violation having the most serious grade is used to determine the guideline range when there is more than one violation of the conditions of supervision, or the violation includes conduct that constitutes more than one offense. U.S.S.G. § 7B1.1(b).

[1] The United States Sentencing Guidelines as applied to revocations of supervised release "have always been non-binding, advisory guides to district courts in supervised release revocation proceedings." *United States v. Brown*, 122 Fed.Appx. 648, 2005 WL 518704, slip op. p.1 (citing *United States v. Davis*, 53 F.3d 638, 642 (5th Cir. 1995)); see also *United States v. Mathena*, 23 F.3d 87 (5th Cir. 1994) (policy statements contained in Chapter 7 of the Sentencing Guidelines applicable to sentencing a defendant upon revocation of supervised release are advisory only.).

***Hearing***

On September 3, 2026, Defendant appeared for a final revocation hearing. Assistant United States Attorney Dustin Farahnak announced that Defendant and the Government reached an agreement for Defendant to enter a plea of true to Allegation 2 of the petition and to jointly request a sentence of imprisonment for a term of 12 months and 1 day with no further term of supervised release. After the Court explained to Defendant her right to a revocation hearing, she waived her right to a revocation hearing and entered a plea of "true" to Allegation 2 of the petition. Defendant requested a recommendation to the Bureau of Prisons to confine her at FPC Bryan.

***Findings and Conclusions***

I find that Defendant is competent and that his plea and waiver of the revocation hearing was knowingly and voluntarily made. I accept Defendant's plea and find by a preponderance of the evidence that Allegation 2 of the petition is true. Defendant is guilty of a Grade B supervised release violation. I further find and conclude that Defendant's term of supervised release should be revoked and that she should be sentenced to imprisonment for a term of 12 months and 1 day with no further term of supervised release. Through an individualized assessment, I determined that no term of supervised release is warranted. Any criminal history monetary penalties previously ordered in the final judgment should be imposed in this revocation, with all payments collected credited towards outstanding balances.

**RECOMMENDATION**

In light of the foregoing, it is recommended that Defendant's plea of true to Allegation 2 of the petition be **ACCEPTED** and that Defendant's term of supervised release be **REVOKED**. It is further recommended that Defendant be sentenced to imprisonment for a term of 12 months and 1 day with no further term of supervised release. Any criminal monetary penalties previously ordered in the final judgment should be imposed in this revocation, with all payments collected

credited towards outstanding balances. It is finally recommended that the Court request the Bureau of Prisons to designate Defendant at FPC Bryan.

Before the conclusion of the hearing, the undersigned announced the foregoing recommendation and notified Defendant of her right to object to this Report and Recommendation and to be present and allocute before being sentenced by the Court. Defendant waived those rights and executed a written waiver in open court. The Government also waived its right to object to the Report and Recommendation. It is therefore recommended that the Court revoke Defendant's supervised release and enter a Judgment and Commitment for her to be sentenced to imprisonment for a term of 12 months and 1 day with no further term of supervised release.

So ORDERED and SIGNED this 3rd day of September, 2026.

K. Nicole Mitchell

K. NICOLE MITCHELL
UNITED STATES MAGISTRATE JUDGE